UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **HERITAGE HOMESTEAD REALTY TRUST,**<br><br>Plaintiff,<br><br>v.<br><br>**TOWN OF WAKEFIELD,** et al.,<br><br>Defendants. | **CIVIL ACTION<br>NO. 24-40075-DHH** |

## REPORT AND RECOMMENDATION

### July 24, 2024

**Hennessy, M.J.**

*Pro se* Plaintiff Richard W. Porter, Jr. brings this action against the Town of Wakefield and Nancy Morino. Plaintiff is confined at the Worcester Recovery Center and Hospital ("WRCH") pursuant to a commitment order. For the reasons stated below, the Court RECOMMENDS that this action be DISMISSED as frivolous.

**I.   Factual Background**

Porter alleges that in 2016, the Heritage Homestead Realty Trust (the "Trust") filed a deed for 17 Babson St., Wakefield, Massachusetts (the "Property"). Dkt. No. 1. Plaintiff claims that, in 2017, he provided Nancy Morino, Defendant, with a copy of the deed and requested that she vacate the Property. *Id.* Defendant Morino then filed a restraining order against one "Richard Porter" residing at 235 Newton St., Boston, Massachusetts.[1] *Id.* Porter alleges that he

---

[1] Porter has also alleged that in 2017, Defendant Morino applied for and was granted a harassment prevention order by the Malden District Court against a person named "Robert Porter," but that Plaintiff has been wrongfully

is not the "Richard Porter" to whom the restraining order is directed but was nevertheless arrested for violating this restraining order. *Id.* Porter alleges that this restraining order is "fake and false." *Id.* Finally, Porter alleges that Defendant Town "employs these people," ostensibly referring to Defendant Morino. *Id.*

The instant case is the most recent in a string of similar cases filed by Porter. Porter has frequently and fruitlessly challenged the rightful ownership of property located in Massachusetts and New Hampshire. *See, e.g.*, *Porter v. St Onge et al.*, C.A. No. 23-40149-MRG; *Axcella Building Realty Trust et al. v. Thompson*, C.A. No. 23-40151-MRG; *Porter v. City of Framingham et al.*, 24-40007-MRG. The Court dismissed these actions after an initial screening because they were frivolous and, in cases involving property in New Hampshire, lacked proper venue. Porter has also brought several cases challenging his confinement at WRCH. *See, e.g.*, *Porter v. Commonwealth*, C.A. 22-40101-ADB; *Porter v. Commonwealth*, C.A. No. 23-40084-MRG; *Porter v. Malden Dist. Ct.*, C.A. No. 23-40086-TSH; *Porter v. Commonwealth*, C.A. No. 23-40114-TSH; *Porter v. Wakefield Police*, C.A. No. 23-40130-MRG; *Porter v. CPCS*, C.A. No. 23-40146-MRG; *Porter v. Frommer*, C.A. No. 23-40153-MRG. These cases were dismissed because they failed to comply with the proper procedure for writs of habeas corpus.

In total, Porter has brought over thirty actions in this Court in the last ten months. Every case was dismissed on an initial screening. He has also filed numerous motions in cases that had already been closed. Further, on April 17, 2017, after dismissal of his bankruptcy action in the Bankruptcy Court of the District of Massachusetts, Plaintiff filed documents in the

---

committed for psychiatric treatment based on Morino's allegedly false accusations that Plaintiff violated this abuse prevention order. *See, e.g.*, *Porter v. Commonwealth*, C.A. No. 23-40084-MRG.

closed action in which he sought eviction of individuals living in New Hampshire properties which he claimed to own. *See In re Porter*, Bankr. No. 17-10977 (Bankr. D. Mass.) (Dkt. No. 19).

Because of these recurring, repetitive, and frivolous filings, the Court issued a warning to Porter. On March 6, 2024, Porter was warned that his attempts to bring "extraordinary claims that people are occupying property he allegedly owns" are frivolous and continued filing of such could result in sanctions. *See, e.g.*, *Porter v. D + C Revocable Trust*, C.A. No. 23-40170-MRG (Dkt. No. 7). Additionally, Porter has been ordered to show good cause by June 6, 2024, as to why he should not be prohibited from filing new actions in this Court without first receiving permission to do so. *See Porter v. Malden Dist. Ct.*, C.A. No. 24-40048-MRG (Dkt. No. 3). Finally, Porter has been warned that filing documents in closed cases which he purports are appeals (when no appeal has been taken) may result in sanctions. *See Porter v. Wakefield Police*, C.A. No. 23-40130-MRG (Dkt. No. 27).

**II.     Discussion**

Porter's activity in the instant action indicates that Porter has not heeded the Court's warnings. Porter has not attempted to substantiate his claims that people are wrongfully occupying property that allegedly belongs to him, nor has Porter provided any evidence of his current ownership over these properties. The Court has spent sufficient time and resources explaining to Porter why these claims are frivolous and should be dismissed. Nevertheless, as Porter is not currently facing an injunction against filing such claims, the Court's reasons for recommending dismissal are set forth below.

A federal district court has inherent power to dismiss a frivolous action. *See, e.g.*, *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Budnick v. Doe*, No. 14-1560,

2015 WL 13928988, at *1 (1st Cir. Jan. 6, 2015); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985)). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. Rather, in legal parlance, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court is authorized to dismiss a case *sua sponte* without affording a plaintiff leave to amend his complaint when it is "crystal clear" that the plaintiff cannot prevail on the stated claims and any amendment would be futile. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001).

      The Court concludes that the Complaint in this action, especially when viewed in the context of Porter's litigation history, lacks an arguable basis in fact. Nothing in the handwritten, bare bones Complaint asserts a factual basis for Porter's claims. In fact, the Complaint makes little sense. Plaintiff fails to explain how he or the Trust could state a current claim for ownership of the Property. To the contrary, in a motion which Plaintiff filed in a different action, Plaintiff attests that he does not own any real estate or financial instrument of value. *See Porter v. Commonwealth of Massachusetts et al.*, 4:23-cv-41079-DHH (Dkt. No. 4).[2] Nor does Plaintiff attempt to differentiate the instant action from previous claims involving the same property that have been dismissed as frivolous. *See Porter v. Morino et al.*, 4:23-cv-40133-MRG (Dkt. No. 1). Plaintiff's claims clearly lack a factual basis. Furthermore, Plaintiff does not request relief from the Court in his Complaint, indicating that his claims also lack a legal basis.

      Allowing Plaintiff to amend his complaint would be futile. Plaintiff has routinely asked this Court, the state of New Hampshire, and the District of Massachusetts's Bankruptcy Court to

---

[2] The Court takes judicial notice of documents Porter has filed in other proceedings. *See Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015).

4

adjudicate claims of wrongfully occupied property without providing any proof that he rightfully owns the property.  And, as noted, in an application to proceed *in forma pauperis* filed in another action, Plaintiff avers he owns no assets, including real property.  *See Porter v. Commonwealth of Massachusetts et al.*, 4:23-cv-41079-DHH (Dkt. No. 4).  The Court is mindful that a *sua sponte* dismissal without leave to amend is "strong medicine."  *Gonzalez-Gonzalez*, 257 F.3d at 33.  However, Plaintiff filings and litigation history in Massachusetts and New Hampshire strongly suggest his lawsuits are lacking a legal and factual basis.

Thus, the Court recommends this action be dismissed as frivolous and Plaintiff be denied leave to amend his Complaint as doing so would be futile.

### IV.    Conclusion

For the reasons set forth above, the Court RECOMMENDS that the action be DISMISSED as frivolous.[3]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[3] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections.  The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  *See, e.g., M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).